UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6 O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1405 CAS (OPx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | CITIBANK (SOUTH DAKOTA) N.A. V. JULIE NGO | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:        Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:** (In Chambers): ORDER DISCHARGING ORDER TO SHOW CAUSE AND REMANDING TO LOS ANGELES SUPERIOR COURT

On October 5, 2010, because defendant's removal was untimely and because plaintiff's form complaint did not include any federal claims, this Court ordered defendant to show cause why this case should not be remanded to the Riverside Superior Court. Response to the order to show cause was required no later than October 19, 2010. Defendant has not responded to the order.

The question of whether a claim arises under federal law, for purposes of 28 U.S.C. § 1331, must be determined by reference to the complaint. Franchise Tax Bd. v. Constr. Laborers Trust, 463 U.S. 1, 9-10 (1983). Invoking a federal issue or provision is not "a password opening federal courts to any state action embracing a point of federal law." Grable & Sons Metal Prods., Inc. V. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). Instead, a claim "arises under" the laws of the United States, for purposes of construing 28 U.S.C. § 1331, only if "a well-pleaded complaint establishes either that (1) federal law creates the cause of action or that (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 27-28. As to the second prong, the issue turns on whether the complaint includes "allegations of federal law that are essential to the establishment of the claim." Lippit v. Raymond James Fin. Servs., Inc., 340 F.3d 1033, 1041 (9th Cir. 2003). Furthermore, defenses and counterclaims asserting a federal question do not satisfy this requirement. See Vaden v. Discovery Bank, --- U.S. ---, 129 S. Ct. 1262, 1273, 173 L. Ed. 2d 206 (2009).

Remand may be ordered either for lack of subject matter jurisdiction or for any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6    O

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-1405 CAS (OPx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | CITIBANK (SOUTH DAKOTA) N.A. V. JULIE NGO | | |

defect in removal procedure.  See 28 U.S.C. § 1447(c).  The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  The party seeking removal bears the burden of establishing federal jurisdiction.  See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

     It appears that defendant's removal is improper both because there is no subject matter jurisdiction and because the removal was untimely.  Without a showing that plaintiff invoked a federal claim or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, this Court cannot exercise jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Accordingly, the Court REMANDS the instant action to the Riverside County Superior Court.

     IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |